J-S41044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARMINE A. MADEJCZYK | : | |
| | : | |
| Appellant | : | No. 188 MDA 2022 |

Appeal from the PCRA Order Entered January 13, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001377-2018

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: DECEMBER 19, 2022**

Appellant, Carmine A. Madejczyk, appeals from the order entered in the Luzerne County Court of Common Pleas denying as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.   Appellant's counsel, Matthew Kelly, Esquire (Counsel), has filed a **Turner**/**Finley**[1] brief and application to withdraw as counsel.  We vacate the PCRA court's order, deny Counsel's petition, and remand for further proceedings consistent with this decision.

The PCRA court has filed a Pa.R.A.P. 1925(a) opinion providing a salient history of pertinent facts and procedural history relating to the untimely filing of the present PCRA petition, as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

While represented by Assistant Public Defender Brian Corcoran, the Defendant [hereinafter referred to as "Appellant"] pleaded guilty to one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1) (F1). With the benefit of a presentence investigation report (PSI), [the trial court] imposed a lower-end guideline range sentence of fifty-four (54) months to one hundred eight (108) months incarceration, to be served in a state correctional institution. N.T. 7/18/18 at 3-4.

A counseled motion for reconsideration of sentence was filed on Appellant's behalf, but while that motion was pending, Appellant filed a *pro se* notice of appeal to the Superior Court, and, shortly thereafter, a *pro se* motion for post-conviction collateral relief that raised, among other things, an allegation that Attorney Corcoran had rendered ineffective assistance. The [trial court] denied the counseled motion for reconsideration of sentence, but took no action on Appellant's *pro se* PCRA petition.

In light of the allegation of ineffectiveness contained in the *pro se* PCRA petition, the Public Defender's Office filed a motion for the appointment of conflict counsel. Attorney Matthew Kelly was appointed, and a counseled direct appeal was filed on September 11, 2018.[fn 1] After Attorney Kelly filed a timely[, court-ordered] Rule 1925(b) Statement . . . , [the trial court] filed a responsive Rule 1925(a) Opinion and transmitted the record to the Superior Court.

> FN 1 Attorney Kelly moved to quash the *pro se* [direct] appeal, and the Superior Court dismissed it as duplicative of the counseled appeal.

Attorney Kelly then filed an **Anders** [2] brief with the Superior Court, seeking to withdraw as counsel. Appellant was notified of the request to withdraw. After reviewing the **Anders** brief and making a full examination of the proceedings, the Superior Court affirmed Appellant's judgment of sentence and granted Attorney Kelly's request to withdraw.

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In the Superior Court's memorandum opinion, it indicated that "[t]he trial court properly took no action on the PCRA petition, as a petition for PCRA 'relief may only be filed after direct appeal is concluded.'" [***Commonwealth v. Madejczyk***, 1524 MDA 2018, 2019 WL 1752806 at *1, n. 1, unpublished memorandum (Pa. Super. filed April 17, 2019)]. Additionally, the Superior Court stated that "[t]o the extent that Appellant averred in this premature PCRA petition that his plea was unlawfully induced by counsel, that claim is properly pursued through the PCRA after Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9543(a)(2)(iii)." [***Madejczyk***, 1524 MDA 2018, 2019 WL 1752806 at *4, n. 4.]

Appellant did not seek review to the Pennsylvania Supreme Court, nor did he file a PCRA [petition] to pursue the claim that his plea was unlawfully induced by counsel, as suggested by the Superior Court's memorandum. The record was thus returned to [the trial court] and stored.

Then, on June 4, 2020, more than a year after [Appellant's judgment of sentence became final], a motion for the appointment of conflict counsel was filed by the Luzerne County Public Defender's Office. In light of the procedural posture of this case, as outlined above, where there were no pending matters before this (or any) court, [the trial court] denied the motion to appoint counsel.

Nonetheless, when the Public Defender's Office filed a second motion for appointment of conflict counsel [the trial court] granted the motion out of an abundance of caution as to the protection of Appellant's rights and appointed Attorney Jeffrey Yelen as conflict counsel. Attorney Yelen filed a PCRA petition on Appellant's behalf, seeking to raise a claim that trial counsel's ineffectiveness caused Appellant's plea to be involuntary. A hearing was held, and the parties were permitted to submit briefs, limited to the issue of whether Appellant's request for post-conviction relief was timely.

Based on the testimony at this hearing, the procedural history of this case, and the applicable case and statutory law, [the trial court] determined that it was without jurisdiction to address the merits of Appellant's request for relief because he had not complied with the time requirements of the PCRA.

- 3 -

A counseled appeal of the dismissal of Appellant's PCRA petition was filed, and Attorney Michael Kostelaba was appointed to represent Appellant for purposes of that appeal. Attorney Kostelaba later requested and was granted permission to withdraw as counsel because he was leaving the Office of Conflict Counsel, and Attorney Kelly was re-appointed in his stead. Attorney Kelly filed a timely Rule 1925(b) Statement, arguing that Appellant's August 13, 2018 *pro se* PCRA petition was not a legal nullity and that the Appellant's request for post-conviction relief should have been deemed timely.

PCRA Court's Pa.R.A.P. Opinion, 7/25/2022, at 1-3.

Preliminarily, we must address Counsel's motion to withdraw before we may proceed to the merits of the claims raised on appeal. Counsel is required to adhere to all of the **Turner**/**Finley** requirements, stated as follows:

Counsel petitioning to withdraw from PCRA representation must proceed under **Turner**, **supra**[,] and **Finley**, **supra**[,] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (original brackets and ellipses omitted), *quoting Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Instantly, Counsel has satisfied the technical requirements of *Turner/Finley*. In his appellate brief, Counsel raised two issues for our review and explained why he deemed the issues meritless. Appellant's Brief at 7-8, 11-26. Counsel also filed a petition to withdraw with this Court and sent Appellant a no-merit letter pursuant to *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006) informing him of his right to proceed *pro se* or retain new counsel in this appeal. Appellant has not filed a response to Counsel's letter, the appellate brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

In addressing Appellant's appeal, we are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's denial of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record

could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

We begin by noting that Appellant's judgment of sentence became final on May 17, 2019, after the time to file a notice of appeal to the Pennsylvania Supreme Court had expired. ***See*** Pa.R.A.P. 903(a) (stating that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Accordingly, Appellant had until Monday, May 18, 2020, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because the Defender's Office filed its motion seeking PCRA filing rights on behalf of Appellant 17 days beyond this date, the motion was patently untimely.

However, Pennsylvania courts may consider an untimely PCRA petition where the petitioner can explicitly plead and prove one of three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Counsel's *Turner/Finley* brief identifies two discrete issues Appellant wishes to raise in an attempt to qualify for a statutory exception, and it explains why Counsel believes they lack merit. Specifically, each issue claims a different exception to the PCRA time-bar, with the first asserting that the trial court's failure to notify Appellant that it would not act on his premature, *pro se* PCRA petition implicates the government interference exception, and the second asserting that Conflict Counsel's failure to advise Appellant that his PCRA petition had been ignored as a nullity left him incapable of ascertaining this fact, thus implicating the newly-discovered fact exception.

Turning to the *Turner/Finley* brief's first issue, we observe the trial court followed well-settled, controlling decisional law when it regarded as a legal nullity Appellant's premature, *pro se* PCRA petition filed while he was represented by counsel. *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020) (holding it is error for a court to accept a *pro se* petition from a petitioner represented by counsel; PCRA court should consider such a filing to be a legal nullity). Similarly, the trial court possessed an alternate basis on which to consider the *pro se* petition a legal nullity, as it was clear Appellant did not wish to waive his direct appeal rights given his filing of both a *pro se*— albeit invalid—direct appeal and a subsequent counseled direct appeal. *Commonwealth v. Smith*, 244 A.3d 13, 16-17 (Pa. Super. 2020) (holding a PCRA petition may be filed only after petitioner has waived or exhausted his direct appeal rights; PCRA court has no jurisdiction to accept, hold, and later

dispose of a premature PCRA petition, which shall instead be deemed a legal nullity).

Thus understood as a legal nullity under our jurisprudence, the premature, *pro se* petition in the case *sub judice* was to be regarded as if it had never been filed in the first place. It was for this reason we observed in Appellant's direct appeal that the trial court properly took no action on the *pro se* PCRA petition. Accordingly, we discern no merit to Appellant's claim that the trial court's lack of overt action on the *pro se* petition amounted to government interference with his ability to present a timely PCRA petition.

Appellant's remaining claim posits that the failure of both Conflict Counsel and the Defender's Office to inform him of the need to file a new PCRA petition within one year after judgment of sentence became final entitles him to the benefit of the exception for newly-discovered facts as provided in Section 9545(b)(1)(ii).

Our appellate courts have explained:

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id***. Additionally, the focus of this exception "is on the newly

discovered facts, not on a newly discovered or newly willing source for previously known facts." Commonwealth v. Marshall, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015).

"In other words, the "new facts" exception at [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Trivigno,*** No. 1779 EDA 2020, 2021 WL 3465926, at *3 (Pa. Super. Ct. Aug. 6, 2021).

It is well-settled that "a conclusion that previous counsel was ineffective is not a newly discovered fact entitling [a PCRA petitioner] to the benefit of the time-bar exception for newly-discovered facts. In sum, a conclusion that previous counsel was ineffective is not the type of [newly-discovered fact] encompassed by the exception." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1285 (Pa. 2016) (citation omitted).

There is, however, an exception to this general rule if a PCRA petitioner discovers that prior counsel abandoned him. ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). ***See also Commonwealth v. Peterson***, 192 A.2d 1123, 1130 (Pa. 2018) (discussing how ineffectiveness of counsel cannot constitute a newly discovered "fact" unless counsel was ineffective *per se*, that is, his or her inaction or malfeasance resulted in the petitioner's complete failure to obtain appellate review). In such cases, a petitioner can satisfy the

newly-discovered fact exception if he files the petition within one year of learning of the abandonment. *Id*.

At the PCRA evidentiary hearing held on May 10, 2021, Appellant testified that no one had ever told him that he filed his PCRA petition prematurely or improperly such that it represented a legal nullity. N.T., 5/10/21, at 17-18. In fact, he maintained, neither the Public Defender's Office nor Conflicts Counsel who represented him in his direct appeal discussed the *pro se* petition with him, N.T. at 18, and he claimed it was not until he inquired sometime in May of 2020 that the Defender's Office informed him about the resolution of his *pro se* PCRA petition. No testimony was offered to refute Appellant's contention.

Luzerne County Chief Public Defender Steven Greenwald testified that the very reason he recommended the appointment of Conflicts Counsel to represent Appellant was because Appellant had filed a *pro se* PCRA petition alleging that his public defender ineffectively handled his guilty plea. Defender Greenwald thus expected that Conflicts Counsel would represent Appellant in both a direct appeal and a subsequent PCRA filing, and he viewed the withdrawal of Conflicts Counsel's representation during the direct appeal with surprise. N.T. at 31.

Defender Greenwald therefore explained that he had advised the Office of Conflict Counsel at the time of its appointment that it had an obligation to follow up with Appellant regarding his wish to pursue an ineffective assistance claim:

- 10 -

**Public Defender Greenwald:** My first instance of attempting to protect the rights of Mr. Madejczyk as far as the PCRA was concerned was when I originally conflicted it out because of his own PCR petition. I spoke with the head of Conflict Counsel's Office and asked him to follow up and make sure that whoever this case got assigned to was aware of a PCRA issue and raised the issue in a timely way.

N.T. at 28. Noting that Appellant never received counsel's advice or assistance with respect to filing a proper PCRA petition following direct review, Defender Greenwald suggested Appellant had gone without representation during the relevant timeframe. N.T. at 39.

Under the particular circumstances of the present case, we agree with the Chief Public Defender's assessment that Appellant's failure to file a timely PCRA petition was the product of the abandonment of counsel at the end of direct review. It is apparent from the present record that Appellant wished to pursue an ineffectiveness claim against the Defender's Office through a PCRA petition, and the Chief Public Defender specifically notified the Conflicts Counsel's Office of this fact at the time reassignment of Appellant's representation was proposed. Defender Greenwald believed at this time that Conflicts Counsel would represent Appellant in both the direct appeal and, if still necessary, a collateral appeal under the PCRA.

Furthermore, while we observed on direct appeal that the trial court properly regarded Appellant's *pro se* petition a legal nullity and took no action thereon, we are constrained, nonetheless, also to observe that our memorandum decision affirming judgment of sentence did not explicitly state

in the most direct terms that Appellant would be required to file a new PCRA petition raising his ineffectiveness claim once he had exhausted his direct appeal rights.[3] As such, it would not have represented a lack of due diligence on Appellant's part if, left to his own layperson's interpretation of this passage as he apparently was, he misconstrued it to mean his petition would undergo PCRA court review only after judgment of sentence became final.[4]

Concluding that the record supports Appellant's newly-discovered fact exception to the PCRA time bar, we deny counsel's petition to withdraw, vacate the order entered below, and remand to the PCRA court, where appointed counsel shall file a first PCRA petition on Appellant's behalf raising and developing his claim of ineffective assistance of plea counsel along with any other claim that counsel considers appropriate.

_____

[3] As noted *supra*, our memorandum decision stated, ""[t]o the extent that Appellant averred in this premature PCRA petition that his plea was unlawfully induced by counsel, that claim is properly pursued through the PCRA after Appellant's judgment of sentence becomes final. **See** 42 Pa.C.S. § 9543(a)(2)(iii)."

[4] Of further note on Appellant's due diligence in filing a timely PCRA petition was Chief Public Defender Greenwald's testimony that Appellant contacted the Defender's Office and inquired about his PCRA petition prior to the May 18, 2020 expiration of the PCRA's one-year filing deadline applicable to his case. In this respect, Defender Greenwald opined that the newly emergent Covid pandemic was causing significant case processing delays in his office, and he estimated that were it not for the pandemic his office would have timely filed its motion for the appointment of Conflicts Counsel to represent Appellant in the PCRA matter approximately 21 days earlier than its eventual June 4, 2020 filing date. N.T. at 28-30.

Order vacated. Petition to withdraw denied. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022